SUSIE YARBROUGH V. THE STATE.

No. 23039. Delivered January 31, 1945.
Rehearing Denied (Without Written Opinion) February 28, 1945.

The opinion states the case.

*Nat Gentry, Jr.,* and *J. Y. Gray,* both of Tyler, for appellant

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful possession of unstamped liquor, and in the presence in the pleadings of two prior convictions of a like character, and proof thereof, she was assessed a penalty of two years in the county jail.

Appellant denied the possession of the liquor in question herein, and supported such denial by other witnesses. This matter was submitted to the jury under instructions evidently satisfactory to appellant, there being no objections to such charge, and the jury failed to give credence to such denial, supported as it was by evidence. The case was submitted to the jury upon the law of circumstantial evidence.

Bill of exceptions No. 1 reflects the following: After the State had introduced in evidence the record relative to two previous convictions, while appellant was on the witness stand, upon cross examination, she was asked how many times she had been convicted of a violation of the liquor laws, and she first answered with the word "twice"; however she finally said "three times." The bill of exceptions to such proceedings was qualified by the trial judge by the statement: "* * * by the court refused for the reason no such objection was made and no exception taken." To this qualification appellant excepted, and the court failed to file his own bill in reference thereto. Therefore, under our rules, we must consider the original bill filed by appellant. That bill recites the objection to such testimony to have been: "to which the defendant objected upon the ground that it was irrelevant and immaterial and prejudicial."

We find two convictions pleaded by the State for the purpose of enhancing the penalty, and proof of such two convictions present in the testimony, and no objection thereto in the record. We do not find any further convictions therein however, except in this statement of appellant thus objected to.

The time of such previous convictions was not mentioned, nor the grade thereof. We know that at one time in this State a violation of the liquor laws was denounced as a felony, and such a felony conviction would be usable relative to the credibility of a witness, unless prohibited under some other rule. The objection above set forth makes no allowances for such. Such

testimony doubtless would have been objectionable in so far as an admission of previous extraneous offenses, but we find no objection thereto on such grounds.

We express the opinion that the objection to the testimony complained of is insufficient to cause a reversal hereof. It is said in 4 Tex. Jur., p. 314:

"A bill which merely states the grounds of objection interposed, or which merely sets out the questions, answers and objections without more, is insufficient;—and so is a bill which merely recites or states as a ground of objection that evidence was irrelevant, incompetent or immaterial and prejudicial, without setting out any facts to show that it was, or which merely states the substance of testimony objected to, without showing what witness so testified or what other evidence was introduced.

"In cases depending on circumstantial evidence, the bill must show the relation of the evidence to which it refers to other facts in the case, and negative its relevancy as a link in a chain of circumstantial evidence when considered in connection with other circumstances."

We call attention to a large list of cases cited in the footnotes to the above quotation, and for further instances of the insufficiency of a like objection to the present one under consideration see Vernon's Ann. C. C. P., Vol. 2, Art. 703, p. 896-7.

We think that the matters complained of in bills Nos. 2 and 3 were admissible in contradiction of the testimony of Frank Smith in which he claimed possession and ownership of the jug and liquor in question, his testimony being to the effect that he had brought such jug from his home two or three days prior to the date it was found in the cafe. Testimony of a witness who said that nine days prior to the date of the search herein he saw such jug in the cafe and it had a small amount of whisky therein, if believed by the jury, would have some weight in convincing them that Smith's testimony relative thereto was untrue. The trial court instructed the jury on the law of circumstantial evidence, and we do not feel justified in saying that the testimony was insufficient as a matter of law.

The officers searching the place testified to seeing appellant in the place after the date of the supposed transfer of the cafe to Smith, acting in the same way and capacity as she did before such transfer; at the time of the search she was there in the kitchen preparing food; that when she saw this jug in the pos-

session of the constable she reached for the jug and said give it to me, there is nothing in it. That just prior to the search she went into the pocket of her apron and got out some money and paid for a case of "Grapette," and took a receipt from the man delivering the same. True, she endeavored to explain these matters in a manner that seemed to be unsatisfactory to the jury, and we do not feel called upon herein to substitute our judgment for that of the jury. The circumstances point strongly to her guilt as the owner and operator of this cafe, and the possession of this unstamped liquor, and we think they exclude any other reasonable hypothesis.

Thus believing, the judgment is affirmed.